1
2
3
4
5
6

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATAGONIA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHELSEA INTERNATIONAL INC.,<br>CAC INTERNATIONAL GROUP,<br>OTB BRAND WORLDWIDE LTD.<br>and TRAMEVER INC.<br><br>Defendants. | CASE NO. 2:16−cv−08030−JFW (KSx)<br><br>**STIPULATED<br>PRELIMINARY INJUNCTION** |

   As stipulated by Plaintiff Patagonia, Inc. and Defendants Chelsea International, Inc., CAC International Group, and OTB Brand Worldwide Ltd. ("Defendants"), the Court converts its December 27, 2016 Order (Dkt. 37) to a preliminary injunction. The findings set forth are not admissions by Defendants to any wrongdoing or violation of law and are not intended to preclude them from disputing such findings at trial.

   THEREFORE, the Court incorporates its December 27, 2016 Order (Dkt. 37) by reference and orders as follows:

   1.   Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them are preliminarily enjoined from:

    a. using Patagonia's trademarks as set forth in Patagonia's First Amended Complaint (collectively, the "Patagonia Trademarks"); any reproduction, counterfeit, copy, or colorable imitation of the Patagonia Trademarks; or any mark confusingly similar thereto or likely to dilute the Patagonia Trademarks in connection with manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or offering for sale products, including vests and other apparel, that are not manufactured by or for Patagonia, nor authorized by Patagonia to be sold or offered for sale (the "Counterfeit Products");

    b. engaging in unauthorized copying, display, use, and public distribution of Patagonia's copyrighted content, or creating unauthorized derivative works from Patagonia's copyrighted content;

    c. doing any other acts or things likely to cause purchasers, consumers, or others to believe that Defendants' products come from Patagonia or its licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with, Patagonia;

    d. moving, returning, destroying, secreting, or otherwise disposing of any alleged Counterfeit Products or any products that otherwise bear, contain, display, or utilize any of the Patagonia Trademarks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute the Patagonia Trademarks;

    e. removing, destroying, altering secreting, or otherwise disposing of any files, electronic files or data, business records, or documents containing any information relating to any of Defendants' assets or

operations, or to the importing, manufacturing, production, marketing, advertising, promoting, acquisition, purchase, distribution or sale of Counterfeit Products or any products that otherwise bear, contain, display, or utilize any of the Patagonia Trademarks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Patagonia Trademarks;

  f. otherwise competing unfairly with Patagonia or any of its authorized licensees in any manner, which does not include using the OTB mark separate and apart from any of Patagonia's Trademarks or other intellectual property; and

  g. assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in the above subparagraphs (a) through (f), or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (f).

  2. Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or participation with any of them are preliminarily enjoined from transferring, disposing of, or secreting any of Defendants' assets.

  3. Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, or receiving actual notice of this Order by personal service or otherwise, are preliminarily enjoined from transferring, withdrawing, or disposing of any money or other asset into or out of accounts associated with the products at issue—including but not limited to any funds from the sale of the alleged Counterfeit Products—held by,

associated with, or utilized by the Defendants, regardless of whether such money or assets are held in the U.S. or abroad.

4. Any banks, savings and loans associations, payment processors or other financial institutions (including PayPal) for the Defendants, receiving actual notice of this Order by personal service or otherwise, shall immediately locate all accounts associated with the products at issue—including but not limited to any funds from the sale of the alleged Counterfeit Products—held by or connected with Defendants, and any such accounts shall be enjoined from transferring or disposing of any assets in those accounts until further ordered by this Court.

5. Upon two (2) business days' written notice to the Court and Patagonia's counsel, any affected third party may, upon proper showing, appear and move for dissolution or modification of the provisions of this Order.

6. All materials seized in the seizures carried out in accordance with the Court's December 27, 2016 Order (Dkt. 37) shall be held by Patagonia, Inc. (through itself or its agents) until the final resolution or disposition of this case.

IT IS SO ORDERED.

Dated: January 18, 2017

_____
Hon. John F. Walter
United States District Judge