1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| PATAGONIA, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHELSEA INTERNATIONAL, INC., et al., <br><br> Defendants. | **CASE NO. 2:16-cv-08030-JFW (KSx)** <br><br> **[PROPOSED] STIPULATED PROTECTIVE ORDER** <br><br> **DISCOVERY MATTER** <br><br> District Judge: Hon. John F. Walter <br> Magistrate: Hon. Karen L. Stevenson |

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Proposed Stipulated Protective Order ("Stipulation") filed on March 16, 2017, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraphs G.2.a, G.2.f, and I.1 of the Stipulation.**

# AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

Plaintiff Patagonia, Inc. ("Patagonia") and Defendants Chelsea International Inc. ("Chelsea"), CAC International Group ("CAC"), and OTB Brand Worldwide Ltd. ("OTB") (together, "Defendants"), stipulate and agree between and among themselves, by and through their attorneys, to the entry of this Protective Order to govern the use, dissemination, and disclosure of certain documents and materials described below and obtained by the parties through discovery or otherwise in this action.  The parties agree as follows:

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Paragraph I, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### A. Good Cause Statement

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

2   [P<small>ROPOSED</small>] S<small>TIPULATED</small> P<small>ROTECTIVE</small> O<small>RDER</small>
    C<small>ASE</small> N<small>O.</small> 2:16-cv-08030-JFW (KSx)

purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**B.     Scope of Order**

This Protective Order shall apply to all information, premises, documents, and things owned or controlled by the parties or of any parents, subsidiaries, divisions, branches, affiliates, related companies, agents, or licensees of any party, or of any other parties added or substituted in this case, that are subject to discovery in this action, including without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents and things produced or otherwise provided, information obtained from inspection of premises or things, and answers to requests for admission (hereafter "Information and Materials").  Any use of Confidential or Highly Confidential—Attorneys' Eyes Only Information and Materials at trial shall be governed by the orders of the trial judge.

1 This Order does not govern the use of Confidential or Highly Confidential—
2 Attorneys' Eyes Only Information and Materials at trial.

3     **C.**     **Definitions**

4     1.     As used in this Order, "Confidential" Information and Materials shall
5 include all Information and Materials that have not been made public, the disclosure
6 of which the disclosing party contends could cause harm to its business operations or
7 provide improper advantage to others. "Confidential" Information and Materials shall
8 include, but shall not be limited to information that concerns or relates to (1) sales,
9 marketing, manufacturing, or research and development; (2) financial performance;
10 (3) manufacturing or other costs of doing business; (4) licenses or other confidential
11 agreements; and/or (5) technical product details or methods of doing business.

12     2.     As used in this Order, "Highly Confidential—Attorneys' Eyes Only"
13 Information and Materials shall include trade secrets within the meaning of the
14 Uniform Trade Secrets Act and all Information and Materials that the disclosing party
15 has reasonable grounds to believe would, if known to any officer, director, employee,
16 or agent of a receiving party, another third party, or to the public, lead to a significant
17 harm or injury to the reputation and/or business of the disclosing party or provide
18 improper advantage to others.

19     **D.**     **Marking Requirements**

20     1.     All Information and Materials deemed *Confidential* or *Highly*
21 *Confidential—Attorneys' Eyes Only* will be so identified and labeled by the producing
22 party.

23     2.     If qualified Information and Materials cannot be labeled, they shall be
24 designated as *Confidential* or *Highly Confidential—Attorneys' Eyes Only* in a manner
25 to be agreed upon by the parties.

26     3.     In lieu of marking the original of a document or thing, if the original is
27 not produced, the designating party may mark the copies that are produced or
28 exchanged, but the other party, by its counsel, shall have the right to examine the

original, to be provided with a full and complete copy, and to call for production of the original at the trial in this action. However, nothing in this Stipulated Protective Order requires the production of privileged or work-product Information and Materials, or any Information and Materials that are otherwise not subject to discovery. If a producing party inadvertently discloses to a receiving party information that is privileged, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item(s) of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege. It is further agreed that the receiving party will return such inadvertently produced item(s) of information and all copies thereof within three (3) business days of receiving a written request for the return of such item(s) of information.

4. The identification and labeling specified in Paragraphs D.1, D.2, and D.3 of this Order shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served, and when a copy of the document or thing is provided to each party. In the case of hearing and deposition transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained in confidence within forty-five (45) days after the receipt of the transcript or as otherwise agreed by counsel. During this period, the entire transcript shall be deemed to be *Highly Confidential—Attorneys' Eyes Only*.

5. In the event that a disclosing party discovers a failure to mark qualified Information or Materials as *Confidential* or *Highly Confidential—Attorneys' Eyes Only*, the other party shall be notified immediately and the following corrective action shall be taken:

    a. The receiving party shall notify all persons who have received the Information and Materials that the Information and Materials are designated *Confidential* or *Highly Confidential—Attorneys' Eyes Only* and must be treated as designated in this Order;

1               b.      The receiving party shall take all reasonable steps to place the
2   applicable *Confidential* or *Highly Confidential—Attorneys' Eyes Only* label on the
3   designated Information and Materials; and
4               c.      The receiving party shall treat the newly marked Information and
5   Materials as set out in Paragraphs G and I of this Order.
6       **E.      Designating Information and Documents**
7       1.      In designating Information and Materials as *Confidential* or *Highly
8   Confidential—Attorneys' Eyes Only*, a party will make such designation only as to that
9   information that it in good faith believes to be *Confidential* or *Highly Confidential—
10  Attorneys' Eyes Only* as defined in Paragraph C of this Order.
11      2.      If counsel for a party believes that questions put to a witness being
12  examined during a deposition will disclose *Confidential* or *Highly Confidential—
13  Attorneys' Eyes Only* Information and Materials of his or her client, or that the answer
14  to any question or questions requires such disclosure, or if documents to be used as
15  exhibits during the examination contain such information, counsel shall so notify
16  opposing counsel and the deposition of such witness, or portions thereof, shall be
17  taken only in the presence of appropriate persons as defined in Paragraph G, counsel
18  for the witness, if any, the stenographic reporter, and the officers or employees of the
19  party whose *Confidential* or *Highly Confidential—Attorneys' Eyes Only* information is
20  being disclosed.
21      **F.      Redaction**
22      Redacted versions of *Confidential* or *Highly Confidential—Attorneys' Eyes
23  Only* materials that no longer contain *Confidential* or *Highly Confidential—Attorneys'
24  Eyes Only* information, and that are not subject to this Order, may be used for any
25  proper purpose for this case.
26
27
28

1     **G.**     **Access to *Confidential* or *Highly Confidential—Attorneys' Eyes Only***
2               **Information and Materials**

3     1.     It is the general intent of the parties to limit disclosure to the smallest
4 number of persons, consistent with the needs of litigation.

5     2.     All access, possession, use, testing, inspection, study, or copying of any
6 Information or Materials designated as *Confidential* under this Order is governed by
7 this Order and is limited to the following persons:

8         a.     **Counsel of Record in this Action, as well as the employees and**
9               **law clerks of Counsel of Record** ~~The law firms Finnegan, Henderson,~~
10               ~~Farabow, Garrett & Dunner, LLP and Law Offices of Fei Pang, including~~
11               ~~attorneys, law clerks, stenographic, clerical, and paralegal employees~~
12               whose functions require access to such *Confidential* Information and
13               Materials.

14         b.     Independent experts, consultants, or translators for each party and
15               their clerical personnel, who are not employees of the parties (or their
16               parents, subsidiaries, divisions, branches, affiliates, or agents), and whose
17               advice and consultation will be used by such party in connection with
18               preparation of this case for trial. Disclosures to such persons, however,
19               will be allowed only after the conditions set forth in Paragraph G.4 of this
20               Order are satisfied.

21         c.     Court stenographers, court reporters and their staff, outside
22               deposition video services and their staff, outside copy services, and
23               graphics or design services retained or engaged by such outside counsel
24               in connection with their preparation of this action, and only to the extent
25               necessary for such persons to carry out their duties in connection with
26               this action. Disclosures to such persons, however, will be allowed only
27               after the conditions set forth in Paragraph G.4 of this Order are satisfied.
28

        d.      Mock jurors, and jury or trial consulting services, retained or engaged by such outside counsel in connection with their preparation of this action, and only to the extent necessary for such persons to carry out their duties in connection with this action. Disclosures to such persons, however, will be allowed only after the conditions set forth in Paragraph G.4 of this Order are satisfied.

        e.      Mediators who attempt to mediate this action (if any), together with their staff. Disclosures to such persons, however, will be allowed only after the conditions set forth in Paragraph G.4 of this Order are satisfied.

        f.      The Court and any person employed by the Court ~~whose duties require access to such *Confidential* Information and Materials~~.

        g.      The parties (including officers, directors, and employees as representatives of the parties) to this lawsuit.

3. All access, possession, use, testing, inspection, study, or copying of any Information or Materials designated as *Highly Confidential—Attorneys' Eyes Only* under this Order is governed by this Order and is limited to in-house legal counsel for each party, only after the conditions set forth in Paragraph G.4 are satisfied, and the individuals identified above in Paragraphs G.2.a-f.

4. Prior to any disclosure of *Confidential* Information and Materials to those persons named in Paragraph G.2.b-e of this Order, disclosing counsel shall obtain from each such person a copy of a signed undertaking as set forth in Exhibit A, including any information requested by Exhibit A. Prior to any disclosure of *Confidential* or *Highly Confidential—Attorneys' Eyes Only* Information and Materials to those persons named in Paragraph G.3 of this Order, disclosing counsel shall obtain from each such person a copy of a signed undertaking as set forth in Exhibit B, including any information requested by Exhibit B.

\\

**H.     Challenging Designation of Information and Materials**

1.     <u>Timing of Challenges</u>.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  A party may challenge a designation of confidentiality at any time that is consistent with the Court's scheduling order.

2.     <u>Meet and Confer</u>.  A party that elects to initiate a challenge to a designating party's confidentiality designation must do so in good faith and must begin the dispute resolution process under Local Rule 37-1 *et seq*.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

3.     <u>Judicial Intervention</u>.  A party that elects to press a challenge to a confidentiality designation after considering the justification offered by the parties may file and serve a joint stipulation under Civil Local Rule 37-2 and 37-3 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the

designating party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the designating party's designation.

## I. Handling Confidential or Highly Confidential—Attorneys' Eyes Only Information and Materials

1. Copies of *Confidential* or *Highly Confidential—Attorneys' Eyes Only* Information and Materials shall not be made public by the party to whom they are disclosed unless they become a part of the public record in this action by agreement of the parties or by order or action of the Court. **If any party seeks to file or lodge with the Court any portion of any *Confidential* or *Highly Confidential—Attorneys' Eyes Only* Information or Materials, such material shall be submitted to the Court with: (1) an application to file under seal in accordance with this Court's Local Rule 79-5; and (2) a request to present the portion of the *Confidential* or *Highly Confidential—Attorneys' Eyes Only* Information or Materials at issue for review *in camera* pursuant to Local Rule 79-6.** ~~*Confidential* or *Highly Confidential—Attorneys' Eyes Only* Information and Materials may be included in whole or in part in pleadings, motions, or briefs only if such Information and Materials are filed with the Court under seal and in accordance with Local Rule 79-5. The parties stipulate that Information and Materials identified and labeled in accordance with this paragraph shall be received in camera as directed by the Court.~~

2. Within sixty (60) days after the final judgment and the exhaustion of any appeals in this action or the settlement of this action, all Information and Materials covered by this Order, except those in possession of the Court, shall be destroyed, except that outside counsel may maintain one copy of all correspondence and pleadings. Any such copies that contain or constitute Protected Material remain subject to this Protective Order. Subject to this exception, outside counsel shall certify to counsel for the producing party the destruction of all additional copies of Information and Materials so designated in their possession, custody or control.

### J. Protected Material Subpoenaed or Ordered Produced in Other Litigation

1. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as *Confidential* or *Highly Confidential – Attorneys' Eyes Only*, the receiving party must so notify the designating party, in writing immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the receiving party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

### K. Unauthorized Disclosure of Protected Material

1. If a receiving party learns that, by inadvertence or otherwise, it has disclosed any Information or Materials designated *Confidential* or *Highly Confidential—Attorneys' Eyes Only* to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately:

    a. Notify the designating party in writing of the unauthorized disclosures,

      b.    Use its best efforts to retrieve all unauthorized copies of the Information or Materials designated *Confidential* or *Highly Confidential—Attorneys' Eyes Only*,

      c.    Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

      d.    Request such person or persons to execute a copy of the undertakings attached as Exhibits A and B, as necessary.

**L.    Miscellaneous**

1.    This Order shall not prevent a party from applying to the Court for relief from the Order or any part thereof, or for relief from its application in any particular circumstance, or from applying to the Court for further or additional protective agreements or orders.

2.    This Order shall survive the final termination of this or related proceedings to the extent that the *Confidential* or *Highly Confidential—Attorneys' Eyes Only* Information and Materials have not or do not become known to the public.

3.    No copy of any transcript of any deposition taken by any party that is designated in part or in whole as *Confidential* or *Highly Confidential—Attorneys' Eyes Only* shall be furnished by the reporter to any person other than to counsel for the parties. Neither the original nor any copy of any transcript of any deposition taken in this proceeding shall be filed with the Court or used during the trial in this action until the parties' outside counsel have had the opportunity to designate those portions, if any, of the transcript that are to be regarded as *Confidential* or *Highly Confidential—Attorneys' Eyes Only* as provided in Paragraph D.4. Upon such a designation, the designated portions of the transcript to be filed with the Court or used during the trial shall be filed under seal in accordance with Paragraph I of this Order, unless otherwise agreed by the parties or ordered by the Court.

1  4. Each person having access to *Confidential* or *Highly Confidential—*
2  *Attorneys' Eyes Only* Information and Materials under this Order shall take all
3  reasonable steps to comply with this Order.
4  5. Nothing in this Order shall bar or otherwise restrict any attorney from
5  rendering advice to his or her client with respect to this proceeding and, in the course
6  of the proceeding, referring to or relying upon his or her examination of *Confidential*
7  or *Highly Confidential—Attorneys' Eyes Only* Information and Materials; provided,
8  that in rendering such advice and in otherwise communicating with clients, the
9  attorney shall not make specific disclosure to any person of any *Confidential* or
10 *Highly Confidential—Attorneys' Eyes Only* Information and Materials.
11 6. Any person bound by this Order may rely on a waiver or consent that is
12 made by an attorney for a party as if that waiver or consent was made by that party or
13 person, provided that such waiver or consent shall be either in writing or on record in
14 a hearing, trial, or deposition transcript.
15 7. A person or an entity that is not a party to this litigation may take
16 advantage of the protection of *Confidential* or *Highly Confidential—Attorneys' Eyes*
17 *Only* Information and Materials provided by this Order, and such person or entity shall
18 be entitled to all rights and protections afforded the disclosing party under this Order.
19 \\
20 \\
21 \\
22 \\
23 \\
24 \\
25 \\
26 \\
27 \\
28 \\

8. This Order shall not be construed: (a) to prevent any party or its attorneys from making use of information that is lawfully in its possession prior to its disclosure by the Producing Party; (b) to apply to information that appears in public records, printed publications, or otherwise becomes publicly known; or (c) to apply to information that any party or its attorneys have, after disclosure by the producing party, lawfully obtained from a third party having the right to disclose such information.

For good cause shown, IT IS SO ORDERED.

Dated: March 21, 2017

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

*Patagonia, Inc. v. Chelsea International Inc. et al.*
**2:16-cv-08030-JFW (KSx)**
**United Stated District Court for the Central District of California**

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

UNDER TAKING OF _____

STATE OF _____

COUNTRY OF _____

I, _____, being duly sworn, state that:

1. My address is:

2. My employer is:

3. My present occupation or job description is:

4. I have received a copy of the Stipulated Protective Order in this case.

5. I have carefully read and understand the provisions of the Stipulated Protective Order.

6. I will comply with all of the provisions of the Stipulated Protective Order and understand that a violation of the Stipulated Protective Order or this Agreement could result in sanctions against me.

7. I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any "Confidential" Information or Materials disclosed to me.

8. I will return all Information and Materials containing or disclosing "Confidential" Information and Materials which come into my possession, and Information and Materials that I have prepared relating thereto, to counsel for the party that provided me with the "Confidential" Information and Materials.

1   9. I submit to the jurisdiction of this Court for the purpose of enforcement
2   of the Stipulated Protective Order in this case.
3   I declare under penalty of perjury that the foregoing is true and correct.
4
5
6   Date: _____     By: _____
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

*Patagonia, Inc. v. Chelsea International Inc. et al.*
**2:16-cv-08030-JFW (KSx)**
**United Stated District Court for the Central District of California**

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

UNDER TAKING OF _____

STATE OF _____

COUNTRY OF _____

I, _____, being duly sworn, state that:

1. My address is:
2. My employer is:
3. My present occupation or job description is:
4. I have never been employed and am not currently employed by any of the parties in this case, or by any parents, subsidiaries, divisions, branches, affiliates, or competitors of any of the parties in any capacity other than as an expert, consultant, or translator in this proceeding.
5. I have received a copy of the Stipulated Protective Order in this case.
6. I have carefully read and understand the provisions of the Stipulated Protective Order.
7. I will comply with all of the provisions of the Stipulated Protective Order and understand that a violation of the Stipulated Protective Order or this Agreement could result in sanctions against me.
8. I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any "Confidential" or "Highly Confidential—Attorneys' Eyes Only" Information or Materials disclosed to me.

9. I will return all Information and Materials containing or disclosing "Confidential" or "Highly Confidential—Attorneys' Eyes Only" Information and Materials which come into my possession, and Information and Materials that I have prepared relating thereto, to counsel for the party that provided me with the "Confidential" "Highly Confidential—Attorneys' Eyes Only" Information and Materials.

10. I submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this case.

I declare under penalty of perjury that the foregoing is true and correct.


Date: _____    By: _____