JS-6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PATAGONIA, INC., | CASE NO. 2:16−cv−08030−JFW (KSx) |
| Plaintiff, | |
| v. | **STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION** |
| CHELSEA INTERNATIONAL INC., CAC INTERNATIONAL GROUP, OTB BRAND WORLDWIDE LTD., and MK INT'L GROUP, | |
| Defendants. | |

The Court enters the following Stipulated Final Judgment and Permanent Injunction.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action and over the parties.
2. This action arises under the federal Trademark Act, 15 U.S.C. §§ 1051, *et seq.* and the federal Copyright Act, 17 U.S.C. §§ 101, *et seq.*

3. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

4. The Court incorporates the findings of fact and conclusions of law from its December 27, 2016 order granting Patagonia's motion for a temporary restraining order, asset restraining order, and seizure order (Dkt. 37), finding that Patagonia was likely to succeed on the merits of its claims of trademark counterfeiting, trademark infringement, trademark dilution, unfair competition, and copyright infringement against Defendants.

5. Defendants' activities have irreparably harmed Patagonia and its famous Fitz Roy Skyline Logo because they strip Patagonia of control of the mark, its goodwill, and its reputation, and link Patagonia's brand with poor-quality goods.

6. The balance of hardships tip in Patagonia's favor. A permanent injunction will not stop Defendants from operating their businesses. Rather, it will merely require that Defendants stop using any counterfeit versions of the Fitz Roy Skyline Logo to market, sell, promote, and distribute their goods. In contrast, Patagonia will continue to suffer permanent, lasting irreparable injury absent injunctive relief.

7. The public interest favors an injunction because it protects the right of the public to be free of further deception and confusion.

**IT IS THEREFORE ORDERED THAT:**

Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them are permanently enjoined from:

    a. using Patagonia's trademarks as set forth in Patagonia's Second Amended Complaint (collectively, the "Patagonia Trademarks"); any reproduction, counterfeit, copy, or colorable imitation of the Patagonia Trademarks; or any mark confusingly similar thereto or

likely to dilute the Patagonia Trademarks in connection with the manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling, or offering for sale products including vests and other apparel, that are not manufactured by or for Patagonia, nor authorized by Patagonia to be sold or offered for sale (the "Counterfeit Products");

b. engaging in unauthorized copying, display, use, and public distribution of Patagonia's copyrighted content, or creating unauthorized derivative works from Patagonia's copyrighted content;

c. doing any other acts or other things likely to cause purchasers, consumers, or others to believe that Defendants' products come from Patagonia or its licensees, or are somehow licensed sponsored, endorsed, or authorized by, or otherwise affiliated or connected with, Patagonia;

d. moving, returning, destroying, or otherwise disposing of any alleged Counterfeit Products or any products that otherwise bear, contain, display, or utilize any of the Patagonia Trademarks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute the Patagonia Trademarks;

e. otherwise competing unfairly with Patagonia or any of its authorized licensees in any manner, which does not include using the OTB mark separate and apart from any of Patagonia's Trademarks or other intellectual property; and

f. assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in the above subparagraphs (a) through (e), or effecting any assignments or transfers, forming new entities or associations, or utilizing any other

device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (e).

In view of the foregoing, judgment is hereby entered against Defendants on all counts of the Second Amended Complaint.

The Court retains jurisdiction to ensure compliance with the terms of this Order and the separate settlement agreement reached between the parties, and to enable the parties to apply to this Court for further orders.

**IT IS SO ORDERED**.

Dated: June 30, 2017

                                            Hon. John F. Walter
                                            United States District Judge